```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                     FORT WAYNE DIVISION

DAVID W. NAIL,                  )
                                )
Plaintiff,                      )
                                )
vs.                             )  CAUSE NO. 1:07-CV-111
                                )
MARCIA LINSKY, et al.,          )
                                )
Defendants.                     )
```

## OPINION AND ORDER

This matter is before the court *sua sponte*. For the reasons set forth below, the Court dismisses this case pursuant to 28 U.S.C. section 1915.

BACKGROUND

David W. Nail, a *pro se* prisoner, submitted a complaint under 42 U.S.C. section 1983. In his complaint, Nail names three defendants, Marcia L. Linsky, Magistrate Judge in the Allen County Superior Court, Karen Richards, Chief Prosecutor in Allen County, and Allen County Deputy Prosecutor Lebeau. Nail alleges that these individuals wrongfully made him sign a "No Contact Order" on October 4, 2004, as a condition of probation. Nail contends that he never agreed to a plea agreement or this condition of probation and that it was wrong for the prosecutors to have him sign the document in open court on October 4, 2004. Nail asserts that these actions caused him harm from October 4, 2004 until May 10, 2007. Furthermore, he asserts that as a result of the "No Contact Order" he was charged with a violation of the order on September 12, 2006.

In his request for relief, Nail asks the Court to enter an injunction against the Allen County Court and prosecutors preventing them from issuing any more "No Contact Orders," and for punitive and compensatory damages arising from his incarceration.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.  The Court will apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6).  *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2).  In reviewing the complaint on a motion to dismiss, no more is required from

> plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Nail asserts that it was wrong for Allen County Superior Court Magistrate Marcia L. Linsky to order the "No Contact Order." A state court judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 439, 359 (1978). Handing down sentences and issuing conditions of probation is within a state court's jurisdiction, therefore Allen County Superior Court Magistrate Marcia L. Linsky is immune and must be dismissed with prejudice.

In addition, Nail alleges that his rights were violated when the Allen County Prosecutor, Karen Richards, and the Allen County Deputy Prosecutor, Lebeau, made him sign the "No Contact Order." "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). To the extent that Nail is challenging anything done in conjunction with presenting the State's case against him, either in the original criminal proceeding or in setting the terms of probation, Prosecutor Richards and Deputy Prosecutor Lebeau are immune and must be dismissed with prejudice.

Furthermore, even if these defendants did not have immunity,

the Court cannot grant the relief that Nail requests.  First, he asks the Court to enter an injunction preventing the Allen County Courts and prosecutors from entering "No Contact Orders" in other cases.  However, Nail does not have standing to assert claims on behalf of third parties.  "[S]tanding encompasses the general prohibition on a litigant's raising another person's legal rights...." *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 12 (2004) (quotation mark omitted).  Nail also requests punitive and compensatory damages for his incarceration.  However, any claims seeking monetary damages for his incarceration are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Where the successful prosecution of a civil rights case would undermine or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof  "that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Here, a monetary award based on his incarceration for a violation of the "No Contact Order" would imply the invalidity of the conviction and may not proceed at this time.

CONCLUSION

    For the reasons set forth above, the Court **DISMISSES** this case pursuant to 28 U.S.C. section 1915A.

**DATED: May 29, 2007**          **/s/ RUDY LOZANO, Judge**
                                  **United States District Court**